# UNITED STATES DISTRICT COURT
## Southern District of Ohio

**UNITED STATES OF AMERICA**

v.

Stephanie Nicole Rauch,

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number CR-2-12-47

Gordon Hobson
Defendant's Attorney

## THE DEFENDANT:

_x_ pleaded guilty to count three (3), of the Indictment.
___ pleaded nolo contendere to counts ___ of the Indictment.
___ was found guilty on counts ___ of the Indictment after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 26 U.S.C. §7201 | Tax evasion | 2/27/08 | Three |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on counts ___ of the Indictment, and is discharged as to such counts.

_x_ Counts one (1) and two (2) of the Indictment are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 7, 2012
Date of Imposition of Sentence

Signature of Judicial Officer

Algenon L. Marbley
United States District Judge

Sept 24, 2012
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWELVE (12) MONTHS and ONE (1) DAY effective April 11, 2012 to run concurrent with the Franklin County case #11CR4904.

_x_ The Court makes the recommendations to the Bureau of Prisons that the defendant participate in substance abuse assessment/treatment and mental health assessment/treatment.

_x_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,
    ___ at ___ .m. on ___ .
    ___ as notified by the Marshal,

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    ___ before 2 p.m. on ___ .
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Service Office.

# RETURN

I have executed this Judgment as follows:

_____
_____
_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

                  United States Marshal

                  By _____
                  Deputy U.S. Marshal

Defendant: Stephanie Nicole Rauch                                             Judgment --Page 3 of 6
Case Number: CR-2-12-47

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. As a special condition supervised release the defendant shall participate in substance abuse assessment/treatment, either inpatient or outpatient, to include testing, participate in mental health assessment/treatment, to include gambling treatment at the direction of the U.S. Probation Officer. Further, the defendant shall provide the probation officer access to all requested financial information.

      The defendant shall report to the probation office in the district into which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

      The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

    __    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

 x   The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

      If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

      The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record of personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Three | $100.00 | | $60,951.88 |

___ If applicable, restitution amount ordered pursuant to plea agreement............................$_____

| **Totals:** | **$100.00** | **$-0-** | **$60,951.88** |

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $_____
The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

___ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

 ___ The interest requirement is waived.

 ___ The interest requirement is modified as follows:

# RESTITUTION

___ The determination of restitution is deferred in cases brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____*. An Amended Judgment in a Criminal Case will be entered after such determination.

_X_ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| IRS<br>Attn: NPU,STOP<br>P.O. Box 47-421<br>Dorraville, Georgia 30362 | $60,951.88 | $60,951.88 | |
| **Totals** | **$60,951.88** | **$60,951.88** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  _x_  in full immediately; or

B  __  $_____ immediately, balance due (in accordance with C, D, or E); or

C  __  not later than _____; or

D  _x_  Through participation in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  __  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ years to commence _____ days after the date of this judgment.


Special instruction regarding the payment of criminal monetary penalties:




__  The defendant shall pay the cost of prosecution.

__  The defendant shall forfeit the defendant's interest in the following property to the United States:




Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court, Office of the Clerk, 85 Marconi Boulevard, Room 260, Columbus Ohio 43215 except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.